**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CYNTHIA DODD,

              Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

              Defendant-Appellee.

No. 16-35455

D.C. No. 1:15-CV-3117-TOR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief District Judge, Presiding

Submitted January 3, 2018[**]

Before: THOMAS, Chief Circuit Judge, TROTT and SILVERMAN, Circuit
Judges.

Cynthia Dodd appeals from the district court's order affirming the decision

of the Commissioner of Social Security denying her application for supplemental

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

security income under Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's order de novo, *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014), and we affirm.

Three specific, clear, and convincing reasons supported by substantial evidence justify the administrative law judge's ("ALJ") decision to discredit Dodd's testimony on the severity of her symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, Dodd sought and received minimal mental health treatment. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Second, her symptoms improved after she began taking medication. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). Third, her reported activities, including going on walks, socializing with a friend, shopping for groceries, working part-time as a home attendant, and leaving her home two to three times a day to walk her dog, indicate that she can engage in activities involving minimal social contact. *See Molina v. Astrue*, 674 F.3d 1104, 1112–13 (9th Cir. 2012).

Substantial evidence supports the ALJ's weighing of the opinions of examining psychologists Dr. Goodwin, Dr. Duris, and Dr. Burdge. Because we can infer from the record that the relevant portions of these opinions are contradicted by other medical opinions, the ALJ could discount each by providing specific and legitimate reasons supported by substantial evidence. *Trevizo v.*

2

*Berryhill*, 871 F.3d 664, 675–76 (9th Cir. 2017). The ALJ provides such reasons. First, the ALJ discusses the medical opinions and findings undermining the examining psychologists' opinions. For example, the ALJ properly discounted Dr. Goodwin's opinion because it was inconsistent with medical evidence indicating Dodd's condition improved after Dr. Goodwin issued his opinion. Second, Dodd's activities were inconsistent with the examining psychologists' opinions.[1] *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014); *see also Molina*, 674 F.3d at 1111 ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." (citation omitted)).

Substantial evidence supports the ALJ's weighing of the opinions of social worker Mr. Conley and mental health counselor Ms. Powell. The ALJ gave minimal weight to Mr. Conley's opinion and portions of Ms. Powell's opinion because of conflicts between these opinions and both Dodd's reported activities and other medical evidence. These germane reasons support the ALJ's analysis. *See Molina*, 674 F.3d at 1111. Any error in discounting Mr. Conley's opinion

---

[1] The ALJ's extensive discussion of Dodd's reported activities throughout the decision "allows for meaningful review" of the ALJ's finding of inconsistencies between these activities and the relevant medical opinions. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). Accordingly, the ALJ's failure to identify these specific inconsistencies was not error.

because he was not an acceptable medical source, *see* 20 C.F.R. § 416.927(f), was harmless in light of these two reasons.

The ALJ's assessment of Dodd's residual functional capacity ("RFC") is also supported by substantial evidence because it accounts for the accepted portions of the medical opinions and testimony discussed above. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Specifically, the RFC included limitations regarding the affect large groups and the general public can have on Dodd's ability to perform work activity. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222–23 (9th Cir. 2010).

The Commissioner concedes that the ALJ erred at step four by failing to determine whether Dodd's previous jobs qualify as past relevant work, but the error was harmless because the ALJ properly concluded, in the alternative at step five, that Dodd could perform other work. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1042–44 (9th Cir. 2008). In doing so, the ALJ properly relied on the Medical-Vocational Guidelines because Dodd's nonexertional limitations were not "sufficiently severe" to require vocational expert testimony. *Hoopai v. Astrue*, 499 F.3d 1071, 1075–77 (9th Cir. 2007); *see also* Soc. Sec. Ruling 85-15, 1985 WL 56857, at *4; 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.00(i).

**AFFIRMED.**